# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1326V**

* * * * * * * * * * * * * * * * * * * * * * * * *
JERMAINE BEALE, *
Petitioner, *
v. *
SECRETARY OF HEALTH AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: July 30, 2026

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, Memphis, TN, for Petitioner.

*Alyssa M. Petroff*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART**
**MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On August 16, 2023, Jermaine Beale filed this Petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition, dated Aug. 16, 2023 (ECF No. 1) ("Pet."). Petitioner alleged he developed Guillain-Barré syndrome after receiving a seasonal influenza vaccine on October 27, 2021. Pet. at 1. After briefing, a decision denying entitlement was issued on April 8, 2026. Decision, dated Apr. 8, 2026 (ECF No. 37). That determination was not appealed.

Earlier in case's life, Petitioner a motion for an interim award of fees, but it was not acted upon before the claim's resolution. Interim Fees Motion, dated Feb. 24, 2026 (ECF No. 35)

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

("Interim Fees Mot."). At the conclusion of this case, Petitioner filed a Motion for Attorney's Fees and Costs to supplement the original fees request. Final Fees Motion, dated June 9, 2026 (ECF No. 41) ("Final Fees Mot."). Petitioner requests a total of $120,715.98 (reflecting $80,576.00 in fees, plus $40,139.98 in costs, and combining the sums sought in both fees motions) for the work of attorneys and staff at the law firm of Black McLaren Jones Ryland & Griffee. Final Fees Mot. at 1−2.

Respondent reacted to the initial fees request on March 6, 2026, and the supplemental fees request on June 20, 2026. *See* Response, dated Mar. 6, 2026 (ECF No. 36) ("Interim Resp."); Response, dated June 9, 2026 (ECF No. 42) ("Final Resp."). In both Responses, Respondent defers to my discretion in determining a reasonable award for Petitioner's attorney's fees and costs. Interim Resp. at 4; Final Resp. at 4−5.

For the reasons below, I **GRANT IN PART** Petitioner's Final Fees Motion, awarding fees and costs in the total amount of **$120,468.78**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g., Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs*., 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs*., 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is inherently easier to satisfy than the preponderant standard applied when assessing entitlement, as cases that fail can still have

sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs*., 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs*., 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs*., 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs*., 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Petitioner's claim was ultimately unsuccessful, but there was sufficient objective basis to entitle him to a fees and costs award. There was some record evidence that Petitioner experienced a variety of neurologic symptoms after receiving a flu vaccine, and the nature of the injury was reasonably contested, even if the overall weight of evidence was more supportive of a pre-vaccination onset. In addition, the question of onset was reasonably disputed. Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys based on the years work was performed:

| | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| **William E. Cochran, Jr. (Attorney)** | $435.00 | $450.00 | $478.00 | $519.00 | $559.00 |
| **Chris J. Webb (Attorney)** | n/a | $410.00 | $435.00 | $472.00 | $509.00 |
| **Hallie Flanagan (Attorney)** | n/a | n/a | n/a | n/a | $431.00 |
| **Paralegals** | $167.00 | $172.00 | $183.00 | $199.00 | $215.00 |

Interim Fees Mot. at 8–9; Final Fees Mot. at 5.

Mr. Cochran and his colleagues practice in Memphis, TN—a jurisdiction that has been deemed "in forum," thus entitling him to the rates established in *McCulloch*. *See Henry v. Sec'y of Health & Hum. Servs.*, No. 15-545V, 2016 WL 7189925, at *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The rates requested are also consistent with what has previously been awarded, in accordance with the Office of Special Master's fee schedule.[3] *See Alvarado v. Sec'y of Health & Hum. Servs.*, No. 24-1214V, 2026 WL 1985303, at *2 (Fed. Cl. Spec. Mstr. June 2, 2026); *Wiles v. Sec'y of Health & Hum. Servs.*, No. 22-399V, 2026 WL 1506784, at *4 (Fed. Cl. Spec. Mstr. Apr. 23, 2026); *Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024).

A substantial amount of time has been dedicated to this case—and because it was unsuccessful, some consideration of the overall reasonableness of that time is warranted. I do not determine that this case merits any blanket or percentage cuts to account for overbilling generally. But there are some specific instances where improper billing occurred, and they shall be taken into account.

In particular, some tasks performed by attorneys are more appropriately classified as "administrative."[4] It is well-established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorneys' fees rates"). Attorneys have been denied fees for billing entries that include language such as "…receive disk, copy to computer…" or "[c]heck file, docket, order and calendar" or "finalize invoice" or "reviewing invoices, setting up meetings, and making travel arrangements" on the basis that these entries

[3] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node2914 (last visited July 30, 2026).

[4] *See, e.g.,* billing entries dated: 02/21/2024; 06/11/2024; 11/14/2024; 05/19/2025; 05/29/2025.

represent administrative tasks. *Moxley v. Sec'y of Health & Hum. Servs.*, No. 06-213V, 2017 WL 5080289, at *3 (Fed. Cl. Oct. 12, 2017); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). I will reduce the requested fees by **$247.20**, removing the billing of some administrative tasks from the final fees award.[5]

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 669, 670 (Fed. Cl. 2002); *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health and Hum. Servs.,* No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $40,139.98 in outstanding costs, including medical record retrieval costs, mailing costs, filing fees, and expert costs. Final Fees Mot. at 2. Petitioner has provided supporting documentation for all claimed costs. *See* Fee Bill with Expenses, filed Feb. 24, 2026, at 15−37 (ECF No. 35-2) ("Fee Bill"). The general litigation costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find them reasonable.

Dr. Willer prepared two written reports for Petitioner as a neurology expert. *See* Report, dated Nov. 14, 2024 (ECF No. 26); Report, dated May 15, 2025 (ECF No. 30). Dr. Willer submitted two invoices reflecting a total amount of $32,103.50 (reflecting 58.37 hours of work performed at the rate of $550.00 per hour, and after receiving a retainer fee of $5,700.00). Fee Bill at 14, 28, 31–32, 34–36. The hourly rate for Dr. Willer is reasonable and consistent with previous awards for work performed by Dr. Willer. *See Clapp v. Sec'y of Health & Hum. Servs.*, No. 19-1913V, 2023 WL 4045224, at *3 (Fed. Cl. Spec. Mstr. May 22, 2023). I do not find any reason to make reductions (although some of his arguments were particularly unpersuasive—and counsel is urged in future matters to take care in utilizing experts who offer opinions that are borderline unreasonable, or which ignore obvious record proof).

---

[5] Calculated by: $47.80 (02/21/2024 billing entry) + $47.80 (06/11/2024 billing entry) + $47.80 (11/14/2024 billing entry) + $51.90 (05/19/2025 billing entry) + $51.90 (05/29/2025 billing entry) = $247.20.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for a Final Award of Attorney's Fees and Costs. **I award a total of $120,468.78 (reflecting $80,328.80 in fees, and $40,139.98 in costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.